NOT DESIGNATED FOR PUBLICATION

No. 123,407

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DUSTY J. SHELDEN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; MICHAEL J. HOELSCHER, judge. Opinion filed December 3, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before ATCHESON, P.J., CLINE and HURST, JJ.

PER CURIAM: Dusty Shelden appeals the revocation of his probation and imposition of his underlying sentence. This court granted Shelden's motion for summary disposition of his appeal under Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). In its response to Shelden's motion for summary disposition, the State argues this case is moot because Shelden has already served his sentence and imposition of probation at this point is not possible. Deciding this case on the merits, the district court did not abuse its discretion and its decision is affirmed.

1

Shelden pled guilty to fleeing or attempting to elude an officer, a severity level 9 person felony, related to an incident in January 2016. In October 2018, the district court sentenced Shelden to 12 months of probation with an underlying 8 months' imprisonment.

In November 2018, the State filed a probation violation warrant alleging that within days of sentencing, Shelden violated his probation by failing to report his address to his intensive supervision officer (ISO) and failing to report to orientation. At the violation hearing in April 2019, Shelden admitted to these violations. The district court allowed him to stay on probation, but mandated that he serve a 3-day jail sanction and restarted the 12-month probationary period.

In May and August 2019, the State filed probation violation warrants alleging that within days of the first violation hearing, Shelden's urine sample tested positive for methamphetamine and THC, he failed to report to his ISO twice, and he was later found in possession of methamphetamine. At a violation hearing in August 2019, Shelden admitted to these violations. This time, the district court sanctioned Shelden with 60 days' jail, modified his probation conditions, restarted his probationary period, and extended his probation to 18 months.

In November 2019, the State filed another probation violation warrant alleging that within a week after Shelden's latest violation hearing, and in the following months, he failed to attend court, failed to submit to drug testing, possessed methamphetamine and drug paraphernalia, and consumed methamphetamine. At the violation hearing in February 2020, Shelden admitted to all but one of the allegations—he pled no contest to possession of drug paraphernalia. The trial court again modified his probation conditions, restarted his 18-month probationary period, and sanctioned him with an additional 60

days in jail. The court warned Shelden that if he chose to do work release and then absconded, he risked serving a long prison sentence.

In February 2020, the State filed another probation violation warrant alleging that a week after the prior violation hearing, Shelden violated his probation yet again by failing to return to his work release facility and committing the offense of aggravated escape from custody. Shelden attended his final probation violation hearing on October 5, 2020. At that hearing, Shelden pled no contest to the alleged violations of failing to return to his work release facility and aggravated escape from custody. Shelden had pled guilty to one count of aggravated escape from custody at a prior violation hearing. The district court found Shelden committed a new crime, revoked his probation, and reinstated a modified sentence of six months' imprisonment. Shelden was awarded 320 days of jail time credit toward his sentence.

## DISCUSSION

When a person appeals a probation revocation sentence and completes the sentence while the appeal is still pending, the appeal is often moot. "'Any action this court might take in regards to his probation revocation would be an idle act . . . .' [Citation omitted.]" *State v. Montgomery*, 295 Kan. 837, 841, 286 P.3d 866 (2012). However, an appeal may not be dismissed as moot, even if the appellant has completed the imprisonment portion of their sentence, if they may suffer potential future adverse legal consequences because of the dismissal. 295 Kan. 837, Syl. ¶ 4. "The range of collateral interests that may preserve an appeal is wide." *State v. Roat*, 311 Kan. 581, 594, 466 P.3d 439 (2020).

Although it seems that Shelden has served his underlying sentence, the State only references the journal entry for that conclusion—it does not include documentation from the Kansas Department of Corrections (KDOC) establishing his release. As such,

3

Shelden's custody status has not been established, so this court must decide this issue on the merits. See *State v. Yazell*, 311 Kan. 625, 631, 465 P.3d 1147 (2020); *State v. Thomas*, No. 123,839, 2021 WL 4235000, at \*2 (Kan. App. 2021) (unpublished opinion).

Legislation in 2013 and subsequent years limits the district courts' discretion over probation revocation. *State v. Clapp*, 308 Kan. 976, 981-82, 425 P.3d 605 (2018). Once the State establishes the defendant violated their probation, the district court has the discretion, in accordance with applicable law, to determine the appropriate sanction or revoke a defendant's probation. See K.S.A. 2015 Supp. 22-3716(c); *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). This court applies the probation revocation law in effect when Shelden committed his underlying offense in January 2016, which was enacted on July 1, 2014, and remained unchanged in 2015. Accordingly, the district court may revoke probation without imposing an intermediate sanction when the defendant commits a new crime while on probation. K.S.A. 2015 Supp. 22-3716(c)(8). This court reviews the district court's decision to revoke Shelden's probation for an abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). The district court abused its discretion if its decision was (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). In other words, "[j]udicial discretion is abused when no reasonable person would have taken the position taken by the trial court." *Gumfory*, 281 Kan. at 1170.

Shelden had several probation violations and sanctions before the district court revoked his probation. In the most recent instance, the State alleged he violated his probation by committing a new crime and absconding from work release; Shelden did not contest the State's assertion.

The district court did not err in its application of the law because the State established that Shelden committed a new crime. Nor does Shelden allege that the district

4

court made an error of fact. The State set forth facts that Shelden did not deny. Finally, the district court's actions were reasonable. This was Shelden's fourth probation violation hearing, and he accumulated new probation violations quickly and consistently. During Shelden's final probation violation hearing, the district court looked at many factors to support its decision—including Shelden's indifference to the help he received during the Covid-19 pandemic and that Shelden had committed a new crime. The court had specifically warned him against absconding from custody while on work release, and it imposed sanctions at Shelden's three previous probation violation hearings to no avail. A reasonable person could have taken the same position as the district court, and this court finds no abuse of its discretion.

Affirmed.